**ARMY AND AIR FORCE EXCHANGE SERVICE and Insurance Company of North America, Plaintiffs,**

v.

**C. F. HANSON, Deputy Commissioner of Labor, Defendant.**

Civ. No. 2436.

United States District Court
D. Hawaii.

March 7, 1966.

Robertson, Castle & Anthony, Dennis O'Connor, Honolulu, Hawaii, for plaintiffs.

Herman T. F. Lum, U. S. Atty., by Yoshimi Hayashi, Asst. U. S. Atty., for defendant.

TAVARES, District Judge.

Plaintiffs seek a review of a workmen's compensation award granted by defendant Deputy Commissioner of Labor, pursuant to the Longshoremen's and Harbor Workers' Compensation Act. Defendant moves to dismiss the complaint on the ground that it was not timely filed.

Section 21(a) of the Act, 33 U.S.C. 921 (a), provides:

"A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

Section 19(e), 33 U.S.C. 919(e) provides:

"(e) The order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each."

The Complaint was filed more than thirty days following the filing of the compensation order, but less than 33 days following the filing of the order. Plaintiffs contend that the thirty-day period is extended by virtue of Rule 6(e) of the Federal Rules of Civil Procedure, which provides:

"(e) *Additional Time After Service by Mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 6(e) does not help the plaintiff, however, because the time for filing a complaint to review a compensation order is not set forth as thirty days after service of a copy of the order. It is true that the service of a copy of the order is necessary for its validity; but

nothing in the Longshoremen's and Harbor Workers' Act indicates that the thirty-day period is to commence after service of a copy of the order. On the contrary, a reading of the entire Act indicates that the remedies provided by the Act were meant to be prompt remedies, and the time for review of awards is deliberately made a short period.

Since the Complaint was not timely filed, this Court lacks jurisdiction, and the Motion to Dismiss is hereby granted.