No. 48,916

Roy LeCounte, *Appellant,* v. City of Wichita, Kansas, a municipal corporation, and Wichita Employees Retirement Board, *Appellees.*

(587 P.2d 310)

Opinion filed December 9, 1978.

*Richard D. Cordry,* of Michaud and Cranmer, Chartered, of Wichita, argued the cause, and *Russell Cranmer,* of the same firm, was with him on the brief for the appellant.

*Eugene L. Pirtle,* first assistant city attorney, argued the cause, and *John Dekker,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

Prager, J.: This is an appeal by a former employee of the city of Wichita from the denial of a hearing on his application for a disability pension. The defendants are the Wichita Employees Retirement Board and the city of Wichita. The district court granted summary judgment in favor of the defendants without making any findings of fact or conclusions of law and without giving any reasons for its ruling.

For purposes of this appeal, the facts in the case are not in dispute and are as follows: The plaintiff, Roy LeCounte, was employed by the city of Wichita as an automobile mechanic and welder for a period of ten years. The nature of the plaintiff's work was such that he was exposed to toxic fumes. In February of 1974, a physician examined the plaintiff and concluded that he was suffering from a chronic lung disease which had been present at least three years. According to the plaintiff, he requested that the city install a more effective ventilation system for his work area or allow him to bring his own fan. These requests were denied by the city. As a result of a violent coughing spasm, LeCounte suffered a fractured rib and was absent from work from March 24, 1975, to May 12, 1975. After returning to work, LeCounte was

sent by the city to a local clinic for a medical diagnosis. The city then informed the plaintiff that he had the option of either applying for retirement or being dismissed by the city. Thereafter, on May 22, 1975, the plaintiff applied for retirement benefits. He retired from his job with the city on May 27, 1975. It is the plaintiff's position that, at the time he applied for and received retirement benefits, both he and the city officials were not aware of the seriousness of his health problem. In the period following his retirement, the plaintiff found employment as an automobile mechanic, but was unable to continue that work due to his physical condition. In October of 1975, the plaintiff was granted a total disability rating by the Social Security Administration based upon his obstructive pulmonary disease.

At this time the plaintiff realized that he should have made claim for a disability retirement from the city rather than a regular retirement. In January of 1976, the plaintiff applied to the Wichita Employees Retirement Board for a hearing to determine whether he was entitled to receive disability retirement benefits rather than the nondisability retirement benefits which he was currently receiving. With his application, the plaintiff submitted letters from two physicians in support of his claim. Plaintiff and his counsel appeared before the retirement board on February 4, 1976. At that time, plaintiff's application was deferred pending receipt of a legal opinion from the city attorney's office. The assistant city attorney thereafter submitted an opinion recommending that the plaintiff be advised by the board's secretary that there was no authority for the retirement board to reopen and review his application for a disability pension. On March 8, 1976, the board notified the plaintiff that his retirement status would not be reopened or his application considered. The apparent reasons for the retirement board's action were (1) that there was not a specific administrative section providing for a hearing to consider a change of classification; (2) that such a reclassification would be a dangerous precedent; and (3) that the plaintiff previously had his one chance to apply for disability benefits and, having failed to do so, was barred from any further consideration of his claim. It is important to note at this point that the plaintiff was denied any opportunity to have a hearing to introduce evidence in support of his claim.

On March 30, 1976, the plaintiff filed a notice of appeal with

the director of the Wichita Employees Retirement Board which notified the board that LeCounte had appealed from the order and judgment made by the board on March 8, 1976. The accompanying letter stated that the notice of appeal was filed pursuant to K.S.A. 1975 Supp. 60-2101(*a*). The next day, March 31, 1976, plaintiff's counsel wrote a letter to the Wichita city manager requesting that the Board of City Commissioners review the decision of the retirement board and further requesting that his claim be placed on the agenda of the city commission at its next regular meeting. This review by the city commission was requested pursuant to 2.12.020, § 9, of the municipal code of the city of Wichita. That ordinance is a general ordinance pertaining to the organizational structure of appointive boards and commissions of the city. It provides:

"2.12.020. . . . Organizational structure of appointive boards and commissions. The following rules and regulations shall govern the organizational structure of appointive boards and commissions of the city.

. . . . .

"(9)   The board of commissioners shall reserve the right to review all decisions of subsidiary boards and commissions except as may be provided otherwise by law, in order that aggrieved citizens may have the right of appeal to an elected body from the decision of an appointive body of the city."

Plaintiff's counsel concluded that this section gave to the plaintiff a right of appeal to the city commission and that he was obligated to exhaust his administrative remedies before turning to the court for relief. On April 27, 1976, the city summarily denied the plaintiff a hearing on his claim. On May 17, 1976, the plaintiff filed a notice of appeal with the city commission and also with the Wichita Employees Retirement Board, notifying them that the plaintiff had appealed to the district court from "the rulings, findings, orders, awards, and judgments" of the city commission and of the Wichita Employees Retirement Board. Also on May 17, 1976, the plaintiff filed with the clerk of the district court of Sedgwick county a "Petition and Appeal" setting forth in substance the nature of his claim and the actions of the retirement board and the city commission in denying him a hearing on his claim. In his petition and appeal, plaintiff alleged that the retirement board and the city commission had acted arbitrarily and capriciously in dismissing his application without affording him an opportunity for a hearing and that as a result thereof he had been denied due process of law. Plaintiff prayed that he be

granted a trial in the district court on the issue of whether the retirement board and the city commission had acted arbitrarily and capriciously in denying him a hearing on his claim for a service connected disability.

Neither of the defendants filed an answer in the action. On July 7, 1976, however, they filed a motion to extend the time to object and/or answer to all of the plaintiff's interrogatories. On July 16, 1976, the district court ordered the defendants to answer the interrogatories by September 7th. On July 23, 1976, both defendants filed a motion to dismiss the petition and appeal asserting three grounds for dismissal: (1) lack of subject-matter jurisdiction, (2) failure to state a claim upon which relief can be granted, and (3) failure to take a timely appeal to the district court in compliance with the requirements of K.S.A. 1975 Supp. 60-2101(*a*) by docketing the appeal within 30 days. On August 6, 1976, the motion to dismiss was overruled. On October 21, 1976, the plaintiff filed a motion for summary judgment. From the allegations contained in the plaintiff's motion, it appears that the defendants had refused to file an answer or comply with requests for discovery. On October 22, 1976, the defendants filed a motion for summary judgment which raised all of the grounds previously raised in their earlier motion to dismiss which had been overruled.

On November 3, 1976, the district court made the following rulings as shown by the journal entry: (1) The plaintiff's motion for summary judgment was overruled; (2) the motion of the defendants for summary judgment was sustained; (3) the motion for extension of time filed by the defendants was determined to be moot; and (4) the costs of the action were charged to the plaintiff. The trial court made no findings of fact, stated no conclusions of law controlling its decision, and gave no reasons for its orders. The plaintiff then appealed to this court.

The defendants, in their brief, state that summary judgment was properly granted by reason of the plaintiff's failure to perfect his appeal from the decision of Wichita Employees Retirement Board under K.S.A. 1975 Supp. 60-2101(*a*). Since that issue is the only issue that has been properly briefed by the parties, we will determine whether or not the district court had jurisdiction to determine the issues raised in his petition and appeal. The defendants contend that the plaintiff failed to perfect his appeal by

meeting the requirements of the general appeal statute, K.S.A. 1975 Supp. 60-2101(*a*), which in pertinent part provides as follows:

> "60-2101. **Appellate jurisdiction.** (*a*) *District Courts.* A judgment rendered or final order made by a court or any other tribunal, board or officer exercising judicial or quasi-judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court. If no other means for perfecting such an appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that he is appealing from such judgment or order with such court, tribunal, board, or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such court, tribunal, board or officer to be prepared and filed with the clerk of the district court of the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action. . . ."

The plaintiff maintains that he fully complied with the provisions of that statute and therefore the district court erred in holding that it had no jurisdiction to consider the matters raised in his petition and answer. It is undisputed that on March 8, 1976, the city retirement board announced and gave notice to plaintiff that his claim for disability retirement would not be reopened or considered. On March 30, 1976, the plaintiff served his notice of appeal on the director of the retirement board. This action, of course, was accomplished within the 30-day period. On March 30, 1976, the plaintiff by letter to the city manager requested a review by the city commission on the denial of a hearing on his claim relying on Wichita ordinance 2.12.020 (9). On April 27, 1976, the city denied the plaintiff a hearing. On May 17, 1976, the plaintiff filed his notice of appeal with the city commission and with the retirement board and, on the same day, filed his petition and notice of appeal in district court.

The defendants' position that the plaintiff had failed to take a timely appeal under K.S.A. 1975 Supp. 60-2101(*a*) is based upon the following reasoning. Although the plaintiff filed his notice of appeal with the retirement board on March 30, 1976, he failed to cause "true copies of all pertinent proceedings" before such board or officer to be prepared and filed with the district court until May 17, 1976, which was beyond the 30-day period prescribed in the appeal statute, K.S.A. 1975 Supp. 60-2101(*a*).

The plaintiff, on the other hand, reasons that he complied with the statute by filing his notice of appeal with the retirement board within the 30-day period which was all that he was required to do within the 30-day limit. *Then* he exhausted his administrative remedies by appealing to the city commission for a review of the action of the retirement board denying his claim. On denial of a hearing by the city commission, plaintiff then filed a new notice of appeal with the city and retirement board on May 17, 1976, and on the same date filed his petition and appeal with copies of all proceedings in the district court. Plaintiff maintains that the 30-day time limit provided for in K.S.A. 1975 Supp. 60-2101(*a*) applies *only* to the filing of a notice of appeal with the board and *thereafter* he had a reasonable time to have the record of proceedings prepared and filed with the district court. In regard to the plaintiff's right to appeal the decision of the retirement board to the Wichita City Commission, the city takes the position that there is no such right of appeal because city ordinance 2.12.020 (9) is simply a general ordinance which gives the city commission the *power* to review a decision of a subsidiary board or agency if it wants to, but that section does not afford an administrative appeal to a citizen who has been aggrieved by the decision of an appointive board or commission. Counsel have cited no cases nor have we found any which are exactly in point.

On the scanty record before us we have concluded that a timely appeal was filed by the plaintiff as required by K.S.A. 1975 Supp. 60-2101(*a*) and therefore the district court had jurisdiction to hear the claims which were set forth in the petition and appeal filed on May 17, 1976. In the first place, we believe that counsel for the plaintiff logically concluded from the provisions of 2.12.020 (9) of the Wichita City Code that the plaintiff had a right to an administrative appeal to the city commission to review the decision of the Wichita Employees Retirement Board refusing him a hearing on his claim for disability retirement. Although that section of the ordinance does not refer specifically to the retirement board, it does state that a right of review is provided "in order that aggrieved citizens may have the right of appeal to an elected body from the decision of an appointive body of the city." If that was not the intent of the city, then it should take steps to amend its ordinances so that aggrieved citizens can know what their rights are. In this case, however, we find that the plaintiff's

counsel acted reasonably in assuming that the plaintiff had a right to appeal to the city commission and that the plaintiff was required to take that step in order to exhaust his administrative remedies. The decision of the Wichita City Commission denying the plaintiff a hearing on his request for review of the action of the Wichita Employees Retirement Board was dated April 27, 1976. On May 17, 1976, the plaintiff filed a notice of appeal with the city and also with the retirement board stating that he was appealing to the district court. On the same day, plaintiff filed his petition and appeal which contained all the documentary matters previously presented to the retirement board. We consider these actions a full compliance with K.S.A. 1975 Supp. 60-2101(a).

If we assume, however, that the plaintiff did not have a right to an administrative appeal to the city commission from the decision of the Wichita Employees Retirement Board denying him a hearing on his claim, then we have also concluded that the plaintiff took a timely appeal to the district court from the order of the Wichita Employees Retirement Board dated March 8, 1976, when he filed his notice of appeal with the director of the retirement board on March 30, 1976, and thereafter filed his petition and appeal in the district court on May 17, 1976, attaching copies of the documents previously presented to the Wichita Employees Retirement Board. In reaching this conclusion, we have construed K.S.A. 1975 Supp. 60-2101(a) to require the filing of a notice of appeal with the administrative board or officer within 30 days of the entry of the order of judgment by the administrative board or officer. Thereafter, the aggrieved party has a reasonable time to have prepared and filed with the district court the full record of the proceedings had before the administrative board or officer. Following an adverse decision by an administrative board or officer, the aggrieved party must be allowed sufficient time to have prepared the record of proceedings before the administrative board or officer. The record often includes a transcript of oral testimony presented at the hearing. To require the aggrieved party to have prepared and completed within a period of 30 days the entire record before the administrative board is not a reasonable requirement. The language used in 60-2101(a) indicates a legislative intent that only the notice of appeal need be filed within the 30-day period following filing of the order of judgment of the administrative board and *then* the

aggrieved party is allowed a reasonable time to perfect the appeal by causing the record to be prepared and filed with the clerk of the district court. Of course, if the appealing party fails to act within a reasonable time, his appeal may be subject to dismissal by the district court as in other cases where a plaintiff fails to prosecute his claim with diligence. Based upon the reasoning set forth above, we hold that plaintiff properly completed his appeal to the district court within the requirements of K.S.A. 1975 Supp. 60-2101(*a*) and that the district court had jurisdiction to hear and determine the grievances as set forth in plaintiff's petition and appeal.

There are a number of issues in this case which have not been properly determined by the district court. The trial court has not determined whether, as a matter of law based upon existing ordinances or statutes, the retirement board had the power to grant plaintiff a hearing on his claim for disability retirement and also whether the actions of the retirement board and city were arbitrary and capricious. The case must be reversed and remanded to the district court to afford the parties an opportunity to raise the issues involved in the case and to have the trial court determine those issues with findings of fact and conclusions of law as required by Supreme Court Rule No. 165 (223 Kan. lxx). The primary issue to be determined by the district court is, of course, whether or not the Wichita Employees Retirement Board should have provided the plaintiff with a hearing on his claim. If it is so found, the district court should remand the case to the Wichita Employees Retirement Board for a full hearing on the plaintiff's claim for disability retirement. If the district court determines that the plaintiff was not entitled to a hearing on his claim, then the district court should so find and grant judgment in favor of the defendants.

The judgment of the district court is reversed and remanded with instructions to proceed in accordance with the directions set forth in the opinion.