(675 P.2d 917)

No. 55,269

WAUNETTA ATKINSON, *Appellant,* v. BOARD OF EDUCATION UNIFIED SCHOOL DISTRICT NO. 383, *Appellee.*

Opinion filed January 12, 1984.

*Diane Hull* and *David M. Schauner,* of Topeka, for appellant.

*Richard H. Seaton,* of Everett, Seaton, Knopp & Thompson, of Manhattan, for appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: Waunetta Atkinson, a teacher employed by Unified School District No. 383, appeals from an order of the district court dismissing her appeal to the district court of Riley County.

On April 15, 1982, the defendant Board of Education of Unified School District No. 383 notified plaintiff of its intention not to renew her contract. K.S.A. 1982 Supp. 72-5452. Plaintiff requested a due process hearing which was held on July 20 and 21. The hearing committee recommended that plaintiff's contract not be renewed. On September 1, defendant Board of Education voted to concur with the hearing committee's recommendation and in a letter dated September 3, notified plaintiff of its decision not to renew her contract.

Pursuant to K.S.A. 72-5443 and K.S.A. 1982 Supp. 60-2101(*d*), plaintiff filed a notice of appeal with the district court of Riley County on October 5. It is conceded that the defendant received the notice of appeal on October 6. The trial court sustained defendant's motion to dismiss on the ground that plaintiff's notice of appeal was not timely filed and plaintiff appeals from that order to this court.

A teacher is entitled to appeal from a school board's decision to terminate his or her contract pursuant to K.S.A. 72-5443 which provides:

"Unless otherwise agreed to by both the board and the teacher, the hearing committee shall render a written recommendation not later than thirty (30) days after the close of the hearing, setting forth its findings of fact and recommendation as to the determination of the issues. The recommendation of the hearing committee shall be submitted to the teacher and to the board which shall, after considering the hearing committee's recommendation and after hearing oral argument or receiving written briefs from the teacher and a representative of the board, *decide whether the teacher's contract shall be renewed or terminated, which decision shall be final, subject to appeal to the district court as provided by K.S.A. 60-2101. The decision of the board shall be submitted to the teacher not later than thirty (30) days after the close of oral argument or submission of written briefs."* [Emphasis supplied.]

In dispute is whether plaintiff's filing of the notice of appeal from the board's decision was timely under K.S.A. 1982 Supp. 60-2101(*d*) which states in pertinent part as follows:

"If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered."

In order to determine the timeliness of the notice of appeal, we must decide when the period for declaring the intention to appeal began to run and when it expired. K.S.A. 1982 Supp. 60-2101(*d*) indicates that an appeal from a school board decision must be filed 30 days from the "entry" of its "judgment or order." In the context of a judicial proceeding, the entry of judgment takes place when a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. K.S.A. 60-258.

The determination of when the judgment of a quasi-judicial administrative body is entered for the purposes of appeal is complicated by the lack of any uniform statutory procedures. However, it has been recognized that entry of judgment is generally the ministerial act of recording the judgment rather than the judicial act of rendering it. *In re Estate of Penn,* 216 Kan. 153, 155, 531 P.2d 133 (1975). Thus, if an analogy is drawn to judicial proceedings, the entry of an administrative order should take place when the decision of the agency is in some manner officially recorded. In *LeCounte v. City of Wichita,* 225 Kan. 48, 587 P.2d 310 (1978), the court began the counting of the 30-day period on the day "the city retirement board announced and gave notice to plaintiff that his claim for disability retirement

would not be reopened or considered." 225 Kan. at 52. In addition, in an appeal from a civil service board's dismissal of employment, our Supreme Court considered the date of the entry of the board's order to be when the board "announced its decision which was made a part of its minutes." *Thompson v. Amis*, 208 Kan. 658, 659, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972). In this case there is no indication in the record that the minutes of the school board's decision were released or published or indeed that such a procedure is in any way mandated. However, K.S.A. 72-5443 does include a provision requiring the school board to submit its decision to the teacher not later than thirty days after the close of oral argument or submission of written briefs. In light of the inclusion of this language in the statute, we find it consistent to view the notice which must be given the teacher as the ministerial act signaling entry of judgment.

Therefore, we conclude that the announcement by the board on September 1 merely constituted the rendering of an order as opposed to the entry of an order or judgment. Furthermore, we hold that when the defendant submitted to the plaintiff its decision, by letter dated September 3, that her contract would not be renewed, the act of mailing the letter constituted the "entry of order or judgment" for purposes of computing the time within which the notice of appeal was to be filed in this case.

In determining the time limitation for seeking judicial review pursuant to K.S.A. 72-5443 and K.S.A. 1982 Supp. 60-2101(*d*), we must also consider the provisions of K.S.A. 60-206(*a*), which provides in part as follows:

"In computing any period of time prescribed or allowed by this chapter . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

Applying K.S.A. 60-206(*a*), as we must, we agree with the trial court that the first day of plaintiff's filing period was September 4.

We turn now to consider the date upon which the time for filing the appeal to district court expired. Plaintiff asserts that when the defendant chose to mail its decision to plaintiff she was entitled to three additional days in which to act, pursuant to K.S.A. 60-206(*e*). This statute states as follows:

"Whenever a party has the right or is required to do some act or take some

proceedings within a prescribed period after the service of a notice or other paper upon him or her and the notice or paper is served upon him or her by mail, three (3) days shall be added to the prescribed period." K.S.A. 60-206(*e*).

We should initially point out that article two of chapter 60 of the Kansas Statutes Annotated governs the procedure of all actions in the district courts of Kansas except for those actions commenced under chapter 61. K.S.A. 60-201, K.S.A. 60-265. Defendant cites federal court decisions which have refused to apply Rule 6 (e) of the Federal Rules of Civil Procedure to appeals from various federal administrative boards and agencies. See, *e.g., Army and Air Force Exchange Service v. Hanson*, 250 F. Supp. 857 (D. Hawaii 1966). However, these cases are distinguishable because they involved appeals governed by specific statutory provisions which limit the total appeal time to a certain number of days. We find no authority for exempting a K.S.A. 1982 Supp. 60-2101(*d*) appeal to the district court from any of the provisions of K.S.A. 60-206.

Defendant contends that subsection (*e*) should not be applied because service of a notice is not required as a condition for an appeal. However, K.S.A. 72-5443 requires the school board to submit its decision to the teacher and we have already determined that it is this submission which triggers the right to appeal. The use of the word *submitted* rather than *served* in K.S.A. 72-5443 is of little consequence. It is the submission of the board's decision which required plaintiff to act by filing her notice of appeal within 30 days or forfeit the right. Therefore, when the defendant submitted its decision to the teacher by mail it brought into play the provisions of K.S.A. 60-206(*e*), which increased the 30-day filing period to 33 days.

Here, it is undisputed that the defendant mailed the letter of decision on September 3 and that defendant received a copy of the notice of appeal on October 6, the last day of the 33-day period. Accordingly, we hold that the trial court was in error when it ruled that the plaintiff's appeal to the district court was untimely.

Judgment is reversed and the case is remanded to the district court for trial on its merits.

FOTH, C.J., dissenting: I have two difficulties with the result reached by my colleagues in this case. The first is with the determination of when the board's decision was "entered" and

the second is with the application of the three-day grace period of K.S.A. 60-206(e).

Under K.S.A. 72-5443, in a case like this the board of education is required to consider the hearing committee's recommendation and "decide" whether to renew or terminate the teacher's contract. The statute says the board's "decision shall be final, subject to appeal to the district court as provided by K.S.A. 60-2101."

The latter statutes provides that an appeal may be taken from an appealable order within thirty days of its "entry." When is a school board's decision entered? The governing body of every political subdivision keeps minutes of its meetings as a record of its official acts. The clerk of a board of education is required to keep such minutes ("an accurate journal of the proceedings") by K.S.A. 72-8202c(b). The decision here was made at a public meeting of the board on September 1, 1982. The teacher was free to attend under the Open Meetings Act, K.S.A. 75-4317 *et seq.* The decision was presumably entered in the board's journal according to law. The journal was open to public inspection under former K.S.A. 45-201. In my opinion September 1 was the day the decision was "entered" and the day the teacher's 30-day appeal time started.

The majority relies on the provision in K.S.A. 72-5443 requiring that the board's decision be "submitted" to the teacher within 30 days after arguments to the board are closed. Until such submission, they say, the board's decision cannot be considered "entered." I, on the other hand, would analogize the board's decision to a court's judgment form under K.S.A. 60-258. The judgment is effective when the trial judge signs and files the form, despite the statute's requirement that the clerk serve a copy on counsel of record within three days. Of course, total failure to notify counsel of the decision tolls the time to take an appeal. *Daniels v. Chaffee,* 230 Kan. 32, 630 P.2d 1090 (1981); *Scott v. U.S.D. No. 377,* 7 Kan. App. 2d 82, 638 P.2d 941 (1981). On the other hand, if the judgment form is in fact served within the statutory three days it has never been successfully contended that the appeal time started with service. K.S.A. 60-2103, governing appeals to an appellate court, like 60-2101 on appeals to the district court, refers to 30 days from the "entry" of the judgment, and that is the day the judgment form is filed with the clerk.

In my opinion the board's decision in this case was entered when made at the public meeting of September 1. The mailing of the letter to the teacher two days later was timely submission of the board's decision but was not the "entry" of the decision. Her appeal of October 6 was therefore untimely.

However, even if it be said that the decision was not finally entered until submitted to the teacher, I cannot agree that because the submission was by mail she was entitled to three extra days under K.S.A. 60-206(e). That statute applies "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service* of a notice or other paper upon him or her . . . ." Emphasis added. There are two reasons this language does not apply here. First, the requirement of 72-5443 that the board's decision be "submitted" to the teacher is not the same as saying that a "notice or other paper" must be "served" upon her. "Service" is a term of art, dealt with in K.S.A. 60-204 and 60-205, and at length in article 3 of chapter 60. Here the required "submission" could take place by the teacher's presence at the meeting, by a face-to-face conversation, or by telephone. None of these would be "service" of a notice or paper, but each would be a "submission" of the board's decision complying with 72-5443.

Second, the appeal time under 60-2101(d) is not measured from the time anything is "served" on a party, but from the "entry" of the decision appealed from. The three extra days under 60-206(e) come into play only when the triggering event is "service." It applies most commonly to responses to pleadings and motions, where time limits are geared by rule or statute to the date of service. It has no applicability to limits for taking appeals or filing postjudgment motions which are statutorily geared to the "entry" of orders or judgments.

I do not read anything to the contrary in *Wheat State Telephone Co. v. State Corporation Commission*, 195 Kan. 268, 403 P.2d 1019 (1965), relied on by the teacher here. In that case the commission's rules provided that all its orders would be effective "upon service" after filing. The rules also provided that service by mail was complete three days after mailing. Hence under the commission's rules its order on rehearing in that case did not become effective until three days after mailing, and the ag-

grieved party's time to petition for judicial review was computed from that day.

As a matter of personal philosophy I am not much taken by technicalities, and believe that litigation should be determined on the merits when possible. Nevertheless, our Supreme Court has said many times that the appellate jurisdiction of the courts is purely statutory and that failure to comply with statutory time limits deprives the courts of jurisdiction. This appeal to the district court was taken thirty-six days after the board's decision was made on September 1, and thirty-three days after it was submitted by mail on September 3. In my opinion it was too late regardless of which date is considered the date of "entry," and the trial court properly determined it was without jurisdiction.