No. 55,269

WAUNETTA ATKINSON, *Appellant,* v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 383, *Appellee.*

(684 P.2d 424)

Opinion

filed July 13, 1984.

*Diane L. Hull,* of Topeka, argued the cause, and *David M. Schauner,* also of Topeka, was with her on the briefs for appellant.

*Joseph A. Knopp,* of Everett, Seaton, Knopp & Thompson, of Manhattan, argued the cause, and *Richard H. Seaton,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This case is before the court on a Petition for Review. Waunetta Atkinson, a teacher employed by the Board of Education, Unified School District No. 383, appealed from an order of the district court dismissing her appeal to the district court of Riley County. The Court of Appeals reversed the trial court. 9 Kan. App. 2d 175, 675 P.2d 917 (1984). Much of Judge Parks' Court of Appeals majority opinion has been incorporated into this opinion.

On April 15, 1982, the defendant Board of Education of Unified School District No. 383 [the Board] notified Ms. Atkinson, after 12 years of service, it would not renew her contract of employment. Ms. Atkinson requested a due process hearing which was held on July 20 and 21. The hearing committee recommended to the Board that plaintiff's employment contract not be renewed. On September 1 the Board, in an open meeting which Ms. Atkinson did not attend, voted to concur with the hearing committee's recommendation not to renew Ms. Atkinson's employment. K.S.A. 72-5436 *et seq.* In a letter dated and mailed September 3, the Board notified the teacher of its decision not to renew her contract.

On October 5, 1982, pursuant to K.S.A. 72-5443 (since amended) and K.S.A. 60-2101(*d*) (since amended), Ms. Atkinson filed her notice of appeal with the district court of Riley County. The Board, by mail, received the notice of Ms. Atkinson's appeal on October 6. At a hearing prior to trial, the district court sustained the Board's motion to dismiss the appeal on the ground that Ms. Atkinson's notice of appeal had not been timely filed. The teacher appealed from that order to the Court of Appeals which reversed the trial court, determining the teacher's, Ms. Atkinson, notice of appeal had been timely filed. This court accepted the Board's Petition for Review.

A teacher is entitled to appeal from a school board's decision to terminate his or her contract pursuant to K.S.A. 72-5443, which provides:

"Unless otherwise agreed to by both the board and the teacher, the hearing committee shall render a written recommendation not later than thirty (30) days after the close of the hearing, setting forth its findings of fact and recommendation as to the determination of the issues. The recommendation of the hearing committee shall be submitted to the teacher and to the board which shall, after considering the hearing committee's recommendation and after hearing oral argument or receiving written briefs from the teacher and a representative of the

board, *decide whether the teacher's contract shall be renewed or terminated, which decision shall be final, subject to appeal to the district court as provided by K.S.A. 60-2101. The decision of the board shall be submitted to the teacher not later than thirty (30) days after the close of oral argument or submission of written briefs."* Emphasis supplied.

Ms. Atkinson's notice of appeal was filed with the district court October 5, 1982, 32 days after the Board mailed the teacher notice of its decision to terminate her employment. The Board received its notice of Ms. Atkinson's appeal October 6, 1982, 33 days after mailing notice of its decision to terminate the teacher's employment. In dispute is whether plaintiff's filing of the notice of appeal from the Board's decision was timely under K.S.A. 60-2101(*d*); which states in part:

"If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered."

In order to decide the timeliness of the notice of appeal, the Court of Appeals had to determine when the period for declaring the intention to appeal began to run and when that period expired. K.S.A. 60-2101(*d*) indicates that an appeal from a school board decision must be filed 30 days from the "entry" of its "judgment or order." In the context of a civil action, the entry of judgment takes place when a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. K.S.A. 60-258.

We agree with the Court of Appeals that the determination of when the judgment of a quasi judicial administrative body is entered for the purposes of appeal is complicated by the lack of any uniform statutory procedures. However, we have recognized that entry of judgment is generally the ministerial act of recording the judgment rather than the judicial act of rendering it. *In re Estate of Penn,* 216 Kan. 153, 155, 531 P.2d 133 (1975). Thus, if an analogy is drawn to judicial proceedings, the entry of an administrative order should take place when the decision of the agency is in some manner officially recorded. In *LeCounte v. City of Wichita,* 225 Kan. 48, 587 P.2d 310 (1978), the court began the counting of the 30-day period on the day "the city retirement board announced and gave notice to plaintiff that his

claim for disability retirement would not be reopened or considered." 225 Kan. at 52. In an appeal from a civil service board's dismissal of employment, this court considered the date of the entry of the Board's order to be when the board "announced its decision which was made a part of its minutes." *Thompson v. Amis*, 208 Kan. 658, 659, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972). Here there is no indication in the record that the minutes of the school board's decision were released or published or indeed that such a procedure is in any way mandated. However, K.S.A. 72-5443 does include a provision requiring the school board to *submit its decision to the teacher* not later than thirty days after the close of oral argument or submission of written briefs. In light of the inclusion of this language in the statute, we find it consistent to view the notice which must be given the teacher as the ministerial act signaling entry of judgment.

The appellate jurisdiction of the district court to review the Board's decision was created by statute. Jurisdiction of the district court to review the decision of the Board is acquired when the appellant properly follows the procedural steps to confer jurisdiction upon the district court to review. Statutory rules of appellate procedure usually receive liberal construction to accomplish the ends of justice, although such statutes are strictly construed.

The time for requesting a review of the Board's refusal to renew the teacher's contract is limited to 30 days from the date of entry. K.S.A. 60-2101(*d*). The date the decision of the Board became final is determined by K.S.A. 72-5443. The Board, after receiving the recommendation of the hearing committee, must reach a final decision within 30 days, subject to certain statutory extensions which delay commencement of the 30-day period for the Board to reach a decision. The statute requires the decision of the Board shall then be submitted to the teacher.

Entry of the Board's decision to be effective under K.S.A. 72-5443 requires for the Board's decision to be submitted to the teacher. Is there a distinction between the term service and submitted? Service is defined as:

"The *exhibition or delivery* of a writ, summons and complaint, criminal summons, notice, order, etc., by an authorized person, to a person who is thereby officially notified of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear." Black's Law Dictionary 1227 (5th ed. 1979). Emphasis supplied. See also K.S.A. 60-205(*a*) requiring service of pleadings.

Chief Judge Foth in his dissent argues "service" is a term of art. He states that submission could take place by the teacher's presence at the Board's meeting, by a face-to-face conversation, or by telephone. None of the above acts would be proper service of notice on paper, but each would be a submission of the Board's decision sufficient to comply with the requirements of K.S.A. 72-5443. 9 Kan. App. 2d at 180.

"Submit" is defined as "to present or make available for use or study." Webster's Third New International Dictionary 2277. In 40 Words and Phrases 631 "submit" is defined as "to leave or commit to the discretion of another, to present for determination." Submission under K.S.A. 72-5443 implies the Board must present the teacher with notice of its decision. This notice required by K.S.A. 72-5443 is necessary to commence the running of the appeal time allowed under K.S.A. 60-2101(*d*). See *LeCounte v. City of Wichita,* 225 Kan. 48, 52, and *Daniels v. Chaffee,* 230 Kan. 32, 630 P.2d 1090 (1981). Unless the decision of the Board is submitted, *i.e.,* made available to the teacher, the teacher would be unable to exercise her discretion to determine whether or not she will exercise her right to appeal the Board's decision not to renew the employment contract.

Under most Kansas statutes, the time for taking an appeal does not commence to run until the party having the right to appeal has received notice of the judgment or order or the judgment is filed with the clerk of the court. The reason to require notice to the party is to insure that the party entitled to appeal has actual knowledge that an adverse judgment has been rendered.

The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. *In re Lakeview Gardens, Inc.,* 227 Kan. 161, 605 P.2d 576 (1980). Where the legislature has provided the right of an appeal, the minimum essential elements of due process of law, in an appeal affecting a person's life, liberty or property, are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Durst,* 235 Kan. 62, 678 P.2d 1126 (1984). The method of notice required by due process must insure that the party entitled to an appeal receives notice. To insure that the teacher

whose contract is not to be renewed received notice, the statute required that the decision of the Board not to renew the contract of employment be submitted to the teacher.

Therefore, the Court of Appeals correctly concluded that the announcement by the Board of September 1 merely constituted the rendering of an order as opposed to the entry of an order of judgment. Furthermore, it held that when the Board mailed to the teacher its decision, by letter dated September 3, that her contract would not be renewed, the act of depositing the letter in the mail constituted the submission of the Board's decision not to renew the teacher's contract. Time for appeal pursuant to K.S.A. 72-5443 began to run when the decision of the Board was submitted (mailed) to the teacher.

In determining the time limitation for seeking judicial review pursuant to K.S.A. 72-5443 and K.S.A. 60-2101(*d*), the Court of Appeals determined, and both the parties accepted, the provisions of K.S.A. 60-206(*a*) applied. K.S.A. 60-206(*a*) provides in part:

"In computing any period of time prescribed or allowed by this chapter . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

Applying K.S.A. 60-206(*a*), the Court of Appeals agreed with the trial court that the first day of the teacher's filing period was September 4, 1982.

What was the date upon which the time for filing the appeal to the district court expired? Ms. Atkinson asserts that when the Board chose to submit by mail its decision to the teacher she was entitled to three additional days in which to act, pursuant to K.S.A. 60-206(*e*), which states:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him or her and the notice or paper is served upon him or her by mail, three (3) days shall be added to the prescribed period."

The Court of Appeals initially pointed out that article two of chapter 60 of the Kansas Statutes Annotated governs the procedure of all actions in the district courts of Kansas except for those actions commenced under Chapter 61. K.S.A. 60-201, K.S.A. 60-265. The Board cited federal court decisions which refused to apply Rule 6 (e) of the Federal Rules of Civil Procedure to appeals from various federal administrative boards and

agencies. See, *e.g.*, *Army and Air Force Exchange Service v. Hanson*, 250 F. Supp. 857 (D. Hawaii 1966). However, these cases were distinguished by the Court of Appeals because they involved appeals governed by specific statutory provisions which limit the total appeal time to a certain number of days. There appears no authority for exempting a K.S.A. 60-2101(*d*) appeal to the district court from any of the provisions of K.S.A. 60-206.

The Board contended that subsection (*e*) should not be applied because service of a notice is not required as a condition for an appeal. The majority of the Court of Appeals reasoned K.S.A. 72-5443 required the Board to submit its decision to the teacher. They had determined that it is the submission which triggers the right to appeal. The use of the word *submitted* rather than *served* in K.S.A. 72-5443 was of little consequence. It was the submission of the Board's decision by mail which required plaintiff to file her notice of appeal within a 30-day period for appeal or forfeit the right. Therefore, when the Board submitted its decision to the teacher by mail it brought into play the provisions of K.S.A. 60-206(*e*), which increased the 30-day filing period to 33 days. It is held that when notice of a school board's decision as required by K.S.A. 72-5443 is submitted by mail, and it is the submission of this decision which commences the time to take an appeal, the three-day extension of time permitted by K.S.A. 60-206(*e*) applies. Ms. Atkinson had timely invoked the jurisdiction of the district court to hear her appeal. The district court erred when it ruled the teacher's appeal to the district court was not timely.

Judgment of the Court of Appeals is affirmed. Judgment of the district court is reversed and the case is remanded to the district court for trial on its merits.

HOLMES, J., not participating.