Stephen B. Plummer Sedgwick County Counselor County Courthouse 525 N. Main Street, Suite 359 Wichita, Kansas 67203-3790
Dear Mr. Plummer:
As Sedgwick county counselor you request our opinion concerning the meaning of the word "days" as used in K.S.A. 19-4327(a). Specifically you inquire whether the phrase "30 days" refers to 30 calendar days or 30 work days.
The statutory language in question is in K.S.A. 19-4327:
 "(a) The sheriff may dismiss any permanent employee when he considers that the good of the service will be served thereby, and for disciplinary purposes may suspend without pay a permanent classified employee for a period not to exceed thirty (30) days but no permanent employee shall be dismissed for political, religious or racial reason." (Emphasis added).
There is no definition of "days" or prescribed method of computing the specified time period within this act. However, K.S.A. 1993 Supp. 60-206(a) provides a method of computing time as follows:
 "In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
. . . .
 "When an act is to be performed within any perscribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for comupting such time is not otherwise specifically provided, the method prescribed herein shall apply." (Emphasis added).
Under the method of the above cited statute, the sheriff deputies' suspension would run 30 calendar days.
There is no statute or case directly addressing the applicability of K.S.A. 1993 Supp. 60-206(a) to the computation of time for K.S.A. 19-4730. We have, however, found numerous cases where K.S.A. 60-206(a) has been applicable to a variety of statutes. For example, see State v. Johnson, No. 69469, slip op. (Kan.App. February 18, 1994) (used in computing statute of limitations, K.S.A. 1993 Supp. 60-513(a)); citing Atkinson v.U.S.D. No. 383, 235 Kan. 793, 798 (1984) (used in computing time for appeal under Teachers Due Process Procedure Act, K.S.A. 72-5436 et seq.);State v. White, 234 Kan. 340 (1983) (used in computing time for statutory speedy trial provision); In re Tax Appeal of Newton Country Club Co.,12 Kan. App. 2d 638, 640 (1988), rev. denied 243 Kan. 779 (1988) (used in computing time under Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 et seq.).
All of these cases illustrate how the courts have borrowed the method of computing time from K.S.A. 1993 Supp. 60-206 to interpret statutes which provide no direction on the issue. If the legislature intended for the "30 day" suspension provided by K.S.A. 19-4327 to be computed using working days, then they would have included this intent in the statute. Without such evidence, we must follow the natural and ordinary meaning of the words and phrases. See State ex rel. Stephan v. Kansas RacingCom'n, 246 Kan. 708 (1990).
In summary, K.S.A. 1993 Supp. 60-206 provides that the computation of time amounting to greater than ten days shall be calculated using calendar days. Therefore, the suspension of sheriff's deputies, pursuant to K.S.A. 19-4327(a), shall be limited to a period not to exceed 30 calendar days.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas