NOT DESIGNATED FOR PUBLICATION

No. 122,809

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of
MIKE VALADEZ.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed January 14, 2022.
Affirmed.

*Kristopher T. Valadez* and *Greg Valadez*, appellants pro se.

*Sarah Doll Heeke*, of Doll Law Firm, LLC, of Dodge City, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

BUSER, J.: Gregory T. Valadez and Kristopher T. Valadez appeal the district court's judgment that the will of Mike Valadez (Will) was valid and should be admitted to probate with Connie Valadez appointed executor. In the district court, Gregory and Kristopher contested a petition for the probate of the Will filed by Connie.

On appeal, Gregory and Kristopher contend the district court violated their rights at the hearing on the petition by not allowing them to question Connie and by denying Kristopher's request to admit certain emails in evidence. But the critical issue for decision in this appeal is jurisdictional. Did Gregory and Kristopher timely appeal from the district court's judgment on the petition? Upon our review, we hold the appeal was untimely. As a result, our court is without jurisdiction to consider the merits of Gregory's and Kristopher's arguments regarding the judgment. Accordingly, we affirm the district court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Connie filed a petition for probate of the "Last Will and Testament of Mike Valadez, Deceased" in March 2018. The Will bequeathed Mike's estate to his granddaughter, Connie. The district court scheduled the petition for a hearing on April 26, 2018.

When Connie filed the petition for probate, Mike had eight adult children and four other grandchildren. One of the adult children had a developmental disability and, as a result, the district court appointed attorney Daniel L. Love as her guardian ad litem.

Two of Mike's adult children, Gregory and Kristopher, filed objections to the petition for probate. Each brother filed an identical objection, contending the Will was invalid because Connie obtained it "with the use of trickery and deceit." The brothers also alleged that about the time the Will was executed, Mike had physical and mental health issues that rendered him incompetent. Kristopher noted in his objection that he was incarcerated and would not be able to attend the hearing in person, so he asked to participate by telephone.

A hearing on the admission of the Will to probate was conducted on April 15, 2019. At the hearing, Connie, Connie's attorney, Love, and Gregory appeared in person with Kristopher appearing by telephone. Gregory and Kristopher appeared pro se.

Highly summarized, at the hearing Connie presented several witnesses. David Snapp, the attorney who prepared the Will, testified that he prepared it in accordance with Mike's wishes and that he was competent at the time it was executed. Cheryl Kerns, Snapp's legal assistant, testified that she also had no concerns with Mike's competency when executing the Will. Alberta Anchando, Mike's daughter, testified that he was competent and wanted to leave his estate to Connie because it conformed to his wife's

2

wishes. Lastly, Mike's former employee, Michael Blackburn, testified that Mike told him that he planned to leave everything to Connie in his will. Connie then rested her case.

Gregory testified that Mike had problems with competency. He understood that his parents intended for him to be the executor of the Will, that they were going to leave a residence for his disabled daughter, and that he, not Connie, took care of Mike in his later years. Gregory also called his sister, Dolores Campbell, who testified to episodes when, in her opinion, Mike was not competent.

The district court did not permit Kristopher to call witnesses at the hearing, but it did allow him to testify and question witnesses over the telephone. Kristopher testified that his father had suffered a series of strokes that left him occasionally unable to remember who Kristopher was when he called on the telephone. Moreover, according to Kristopher, Mike "in no way in his right mind would cut his family out of his Will." Kristopher attempted to admit four emails in evidence, but only two of the emails were available for admission in evidence in the courtroom. The district court admitted those two emails but denied Kristopher's request to have the other two emails sent to the court and admitted in evidence.

At the conclusion of the hearing, the district court ruled that the Will was valid. As a result, the Will was admitted to probate and Connie was named executor. Fourteen days later, on April 29, 2019, Kristopher filed a notice of appeal.

Connie's attorney filed a proposed order memorializing the district court's judgment and circulated it to the parties on April 15, 2019. Kristopher filed an objection to some of the statements in the proposed order on May 6, 2019. The district court scheduled a journal entry review hearing for June 7, 2019. Although there is no transcript of the journal entry review hearing in the record on appeal, the record indicates that Gregory appeared in person and Kristopher was present by telephone.

At the conclusion of the journal entry review hearing on June 17, 2019, the district court filed the order admitting the Will to probate and issuing letters testamentary. The district court held that Connie established a prima facie case that the Will was properly executed, and that Gregory and Kristopher failed to show that Mike lacked the capacity to execute the Will or that he was coerced or unduly influenced.

Kristopher sent a letter to the district court dated June 18, 2019. In the letter he noted that he filed a premature notice of appeal on April 29, 2019. According to Kristopher, after filing the appeal he was "informed by Judge Lewis that I was required to file the notice of appeal again, which is in conflict with holdings by the Appellate and Supreme Courts of Kansas." He asked the district court clerk to explain the procedure for filing the appeal and asked whether he would be notified when the final judgment was filed with the court.

Judge Lewis responded to the letter, stating that court staff may not give legal advice including what steps Kristopher needed to take to perfect an appeal. Judge Lewis clarified that she had not intended to give legal advice to Kristopher at the earlier hearing, but only wanted to make it clear that Kristopher knew he had filed a premature notice of appeal. She emphasized that it was up to him to determine whether he had complied with appellate procedures.

In a letter dated July 9, 2019—more than 30 days after the order admitting the Will to probate was filed—Kristopher replied to Judge Lewis' letter. He began by apologizing if his prior letter was construed as seeking legal advice. Kristopher explained that he was not sure when to file his notice of appeal. He wanted to file an appeal "after the entry of the order disposing of any post-trial motions." Kristopher said he intended to file a motion for new trial but could not "do that until after the entry of judgment, as is mandated in K.S.A. 60-259(b)." Kristopher stated that he had not yet received notice of the judgment being entered. As soon as he was notified of the entry of judgment

4

regarding the court's April 15, 2019, ruling, Kristopher stated that he would submit a motion for a new trial.

On July 29, 2019, Kristopher wrote to the Chief Judge to say that he was "encounter[ing] more obstruction from the court, through either Judge Lewis, or her clerk." While he was "awaiting notification of the entry of judgment of the court . . . [he] 'heard' Mr. Love has been notified, and has the final judgment as entered." Kristopher reiterated that he wanted to file a motion for a new trial but did not know whether he could because he had not received notice that the judgment was entered.

Judge Lewis responded to the letter on August 21, 2019. She noted that Connie's attorney circulated a proposed order to the parties in April, and there were no written objections to the proposed journal entry within 14 days of its filing. The judge stated that Connie's counsel then submitted the proposed order to the district court which approved and filed it on June 7, 2019.

On August 26, 2019, the district court dismissed Kristopher's notice of appeal which he had filed on April 29, 2019, for failure to timely docket the appeal. No appeal of this ruling was filed.

The following month, on September 19, 2019, Gregory and Kristopher filed a motion for new trial. In the motion, they asked the district court to allow them to present evidence that the Will was obtained by undue influence. Gregory and Kristopher also asserted they should have been allowed to question Connie during the April 15, 2019 hearing.

The district court heard the motion for new trial on October 30, 2019. While Connie argued that the motion was untimely, Kristopher responded that its untimeliness should be excused because he did not receive notice that the judgment was entered until

5

August 23, 2019. The district court denied the motion for new trial as untimely. In particular, the district court noted that Gregory and Kristopher were present when the court made the relevant rulings in the case and knew how to obtain copies of the court's orders. The district court also held that it did not violate Gregory's or Kristopher's procedural due process rights by denying them an opportunity to question Connie. The district court noted that Gregory never asked to question Connie during his case-in-chief and Kristopher's participation in the trial by telephone was subject to the court's discretion.

Gregory and Kristopher filed a second notice of appeal on November 14, 2019. On February 6, 2020, the district court filed the journal entry with its order denying the motion for a new trial. Gregory and Kristopher filed a docketing statement with the Court of Appeals on April 15, 2020.

Shortly after Gregory and Kristopher filed their docketing statement with our court, Connie filed a motion for involuntary dismissal of the appeal. In the motion, she noted that the district court dismissed Gregory and Kristopher's first notice of appeal. Their second notice of appeal was untimely, she argued, because it followed an untimely motion for new trial. Moreover, Connie argued that even if the motion for new trial was timely, Gregory and Kristopher docketed their appeal out of time. For those reasons, Connie sought dismissal of the appeal. The brothers replied and argued that their appeal was timely. We denied the motion for involuntary dismissal on the existing showing and ordered the parties to brief the jurisdictional issue in their appellate briefs.

DISCUSSION

On appeal, Gregory and Kristopher reprise the arguments made in their motion for new trial that the district court violated their due process rights by not allowing them to question Connie at the hearing on the probate of Mike's Will. They also argue that the

6

district court committed reversible error by not allowing Kristopher to admit two emails into evidence. As discussed below, we do not reach the merits of these issues, however, because we find that Gregory and Kristopher's untimely appeal leaves our court without jurisdiction to consider these issues.

Whether an appeal is timely raises questions of statutory interpretation subject to unlimited review by an appellate court. *In re Estate of Butler*, 301 Kan. 385, 392, 343 P.3d 85 (2015).

"[A]ll Kansas appellate jurisdiction is statutory and subject to time limits. And an appellate court that lacks jurisdiction is bound to dismiss an appeal." 301 Kan. at 390. Appeals from orders in cases involving decedents' estates must be taken in the manner provided by chapter 60 of the Kansas Statutes Annotated for other civil cases. K.S.A. 2020 Supp. 59-2401(b). Under these provisions, a timely notice of appeal must be filed within "30 days from the entry of judgment." K.S.A. 2020 Supp. 60-2103(a). A premature notice of appeal, filed after the district court announces the judgment to be entered but before the actual entry of judgment, is permitted under Kansas law. Supreme Court Rule 2.03(a) (2021 Kan. S. Ct. R. 15).

The time for filing a notice of appeal may be tolled by filing, among other things, a timely motion for new trial. K.S.A. 2020 Supp. 60-2103(a). To be considered timely, a motion for a new trial "must be filed no later than 28 days after the entry of judgment." K.S.A. 2020 Supp. 60-259(b). After the district court enters its order on the motion for new trial, the 30-day time period to appeal begins again. K.S.A. 2020 Supp. 60-2103(a). Generally, a notice of appeal filed after the entry of judgment and prior to a ruling on a posttrial motion gives an appellate court jurisdiction to review the original judgment. But the appellate court lacks jurisdiction over the posttrial motion unless a second notice of appeal is filed. *Ponds v. State*, 56 Kan. App. 2d 743, 754, 437 P.3d 85 (2019).

There are several key dates important to resolving the jurisdictional issue presented by this appeal:

- April 15, 2019:  district court rules the Will is valid
- April 29, 2019:  Kristopher files first notice of appeal of this ruling
- June 7, 2019:  journal entry granting probate of the Will is filed
- August 26, 2019:  first notice of appeal is dismissed
- September 19, 2019:  Gregory and Kristopher file motion for new trial
- October 30, 2019:  district court denies motion for new trial
- November 14, 2019:  Gregory and Kristopher file second notice of appeal
- February 6, 2020:  journal entry denying motion for new trial filed
- April 15, 2020:  second appeal is docketed

Kristopher's first notice of appeal was premature but effective. It was filed after the district court announced the judgment to be entered but before the actual entry of judgment. Supreme Court Rule 2.03(a). However, once a party files a notice of appeal, the party must docket the appeal with the clerk of the appellate courts within 60 days. Supreme Court Rule 2.04(a)(1) (2021 Kan. S. Ct. R. 15).

Kristopher failed to docket the first appeal. As a result, the district court dismissed the appeal under Kansas Supreme Court Rule 5.051(a) (2021 Kan. S. Ct. R. 33), which provides:  "When an appellant has filed a notice of appeal in the district court but has failed to docket the appeal in compliance with Rule 2.04, the appeal is presumed abandoned and the district court may enter an order dismissing the appeal." Kristopher made no attempts to pursue his first appeal, nor does he or Gregory argue on this appeal that the district court erred by dismissing it. The district court's judgment dismissing the first appeal is supported by law and will not be disturbed.

The second notice of appeal is untimely because it was filed more than 30 days after the entry of judgment. Of note, a timely motion for new trial, filed within 28 days after the entry of judgment, could have tolled the time for appeal. K.S.A. 2020 Supp 60-2103(a); K.S.A. 2020 Supp. 60-259(b). But Gregory and Kristopher did not file their motion for new trial until three months after the judgment was entered. As a result, this filing was untimely and did not toll the time for appeal.

On appeal, Gregory and Kristopher argue that their motion for new trial should be deemed timely under the facts of this case. They assert the district court was required to notify them when it entered the judgment but they did not receive this notice until August 23, 2019, when they received Judge Lewis' letter. Because Gregory and Kristopher filed their motion for new trial within 28 days of the receipt of Judge Lewis' letter, they argue their motion for new trial was timely. This argument is not persuasive.

First, Gregory and Kristopher rely on K.S.A. 2020 Supp. 60-258 to support the proposition that the district court was required to notify them when it entered the judgment. This statute provides:

> "No judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk.
>> "When a judgment is entered by judgment form, the clerk must serve a copy of the judgment form on all attorneys of record within three days, excluding Saturdays, Sundays and legal holidays." K.S.A. 2020 Supp. 60-258.

The problem with this argument is that the judgment was not entered by judgment form—it was entered by journal entry. Connie's attorney circulated a proposed journal entry pursuant to Kansas Supreme Court Rule 170 (2021 Kan. S. Ct. R. 232) to which Kristopher objected. The district court conducted a journal entry review hearing on June 7, 2019, and filed the journal entry of judgment on the same day. K.S.A. 2020 Supp. 60-258 only requires notice to be served when judgment is entered by judgment form, not by

9

journal entry. Under these facts, the notice requirement in K.S.A. 2020 Supp. 60-258 does not apply because the district court did not enter the judgment by judgment form.

Second, Gregory and Kristopher mistakenly rely on Supreme Court Rule 134 (2021 Kan. S. Ct. R. 215), which states: "If the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." This rule does not apply to the brothers because they were both present at the hearing when the district court announced its ruling on the petition to admit the Will to probate. Additionally, they were present at the journal entry review hearing and, therefore, had notice of the district court's rulings made there.

"Under most Kansas statutes, the time for taking an appeal does not commence to run until the party having the right to appeal has received notice of the judgment or order or the judgment is filed with the clerk of the court." *Atkinson v. U.S.D. 383*, 235 Kan. 793, 797, 684 P.2d 424 (1984). This is because due process requires "that the party entitled to an appeal receives notice." 235 Kan. at 797-98. "The reason to require notice to the party is to insure that the party entitled to appeal has actual knowledge that an adverse judgment has been rendered." 235 Kan. at 797.

In this appeal, Gregory and Kristopher had actual knowledge of the district court's judgment because they were present when the district court announced that judgment. There was no requirement that the district court provide them with additional notice when the journal entry memorializing the district court's ruling was filed. Moreover, Gregory and Kristopher were not required to wait until the journal entry was filed to submit their motion for new trial. See *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 144, 697 P.2d 1300 (1985) (noting that "a motion for a new trial filed before the trial court files its journal entry of judgment, although prematurely filed, is effective and tolls the time to file a notice of appeal").

10

It is well settled that "pro se civil litigants are held to the same procedural standards as represented parties." *Wilson v. State*, 40 Kan. App. 2d 170, 178, 192 P.3d 1121 (2008). "A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court." *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986). Gregory and Kristopher had notice of the district court's judgment, and it was incumbent upon them to timely file a posttrial motion or notice of appeal. Because they failed to do so, their appeal of the district court's decision on Connie's petition is untimely. Without a timely notice of appeal, we are without jurisdiction to consider that decision on appeal.

Finally, Gregory and Kristopher timely appealed from the district court's denial of their motion for new trial. While they did not docket their appeal within 60 days, Connie did not ask the district court to dismiss the appeal on this basis nor did the court dismiss the appeal on its own initiative. This failure does not present a jurisdictional bar to this court's review of the issue because "[t]he appellant's obligation to timely docket an appeal arises from an appellate rule of this court rather than a statutory mandate." *Fowler v. State*, 37 Kan. App. 2d 477, 480, 154 P.3d 550 (2007). After filing a notice of appeal, an appellant's failure "to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal." K.S.A. 2020 Supp. 60-2103(a). For the reasons explained earlier, however, the district court properly denied the motion for new trial as untimely. Thus, Gregory and Kristopher' appeal from that ruling also does not afford them relief.

Affirmed.