(871 P.2d 1297)
No. 69,938

LORALEA M. FRANCIS, *Appellant*, v. UNIFIED SCHOOL DISTRICT NO. 457, *Appellee*.

Petition for review denied 255 Kan. 1001 (1994).

Opinion filed April 8, 1994.

*John M. Lindner*, of Garden City, and *Linda S. Trigg*, of Liberal, for the appellant.

*Randall D. Grisell,* of Doering, Grisell & McFarland, P.A., of Garden City, for the appellee.

Before Royse, P.J., Lewis and Pierron, JJ.

Lewis, J.: The plaintiff was employed by U.S.D. No. 457 as the principal of a grade school. Her employment by the defendant school district was terminated after she was charged with shoplifting. She attempted to appeal her termination to the district court in concert with an action against the defendant for breach of contract and tort. The various actions so filed were dismissed for lack of jurisdiction. The plaintiff appeals from the order of dismissal. We find no reversible error and affirm.

The facts which led to the termination are not relevant to the issues on appeal. The principal question we must determine is whether the plaintiff's appeal of her termination was timely. If the appeal was not timely, we must then determine what effect that has on the independent action filed for breach of contract and tort.

As noted, the facts underlying this appeal are not particularly important. However, because of the issues involved, the dates on which certain actions were taken become important.

On July 30, 1992, the plaintiff received an administrative suspension followed by a notice of intent to terminate on August 31, 1992. She responded to this notice on September 8, 1992. A due process hearing was held by the school board on November 9, 1992. On December 3, 1992, the plaintiff was notified in person of the termination of her employment by the defendant. On January 4, 1993, she filed a petition in the district court of Finney County, which she describes as "an appeal to the District Court of the action taken by Defendant pursuant to K.S.A. 60-2101(d) as well as an original action for breach of contract, continuing contract damages, and tort." A copy of the petition and summons was served on the school board on January 6, 1993. This date was more than 30 days after the plaintiff was notified of the termination of her employment.

The only means available to appeal from a school board's termination of an employment contract is the procedure set forth in K.S.A. 1993 Supp. 60-2101(d). *Butler v. U.S.D. No. 440,* 244 Kan. 458, 461, 769 P.2d 651 (1989). That statute provides:

"A judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order *with such subdivision or agency within 30 days of its entry*, and then causing true copies of all pertinent proceedings before such subdivision or agency to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require." (Emphasis added.)

The timeliness of the plaintiff's appeal depends upon our construction of the above-quoted statute. This involves a question of law, and we are not bound by the trial court's determination. *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149, 153, 848 P.2d 1000 (1993).

K.S.A. 1993 Supp. 60-2101(d) requires that the notice of appeal be filed *with the school board* within 30 days of the entry of the order appealed from. It is only *after* the filing of the notice of appeal with the school board that anything is required to be filed with the clerk of the district court.

In the instant matter, nothing was filed with the school board within 30 days of its order terminating the plaintiff's employment. A petition was filed in the *district court* within the 30-day time frame, but nothing was filed with, nor served upon, the school board until January 6, 1993—33 days after the plaintiff had received notice of termination of her contract. The statute requires notice within 30 days of the termination of the agreement, and the plaintiff's appeal was not timely perfected in the manner required by 60-2101(d).

It would appear that there is a substantial question as to whether the filing of a lawsuit in the district court within the 30-day period would qualify as a proper notice of appeal under the statute. The question would be even more important if the school board had been served with notice of the lawsuit within the required 30 days. Under the facts shown, service of the summons was not accomplished within the required time frame. We need not, therefore, decide whether the filing of a lawsuit can also

serve as a notice of appeal under the statute. In order to satisfy the statutory requirements, something must be filed with the school board within 30 days of the time a plaintiff is notified of contract termination. The facts show that this was not accomplished.

It appears that what the plaintiff has done is to follow a mirror image of the statutory requirements. The statute requires that notice of appeal be filed with the school board within 30 days. Thereafter, a party is permitted a reasonable time to "perfect the appeal by causing the record to be prepared and filed with the clerk of the district court." *LeCounte v. City of Wichita*, 225 Kan. 48, 55, 587 P.2d 310 (1978). The critical requirement is filing notice with the school board within the 30-day period. In this case, there was nothing that can be construed as a notice of appeal filed with or served on the school board until after the 30-day appeal period had expired. The filing of the documents in the district court, without at least a contemporaneous filing of those documents with the school board, does not satisfy the statutory requirements.

The plaintiff relies upon *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 684 P.2d 424 (1984), in arguing that her appeal was timely filed. This reliance is misplaced. *Atkinson* allowed the application of a three-day extension provided by what is now K.S.A. 1993 Supp. 60-206(e) when a notice of termination is given by mail. In this case, the notice of termination was received by the plaintiff in person and not by mail. The three-day extension permitted by *Atkinson* is not applicable here, and there is nothing in that decision to salvage the plaintiff's failure to timely file and serve a notice of appeal on the school board.

The result may appear rather harsh, but the question is one of jurisdiction:

"The question presented is whether the district court lacked jurisdiction because the notice of appeal from the Board's decision was not filed by the district court within 33 days from the Board's mailing of the notice of nonrenewal to Butler.

"The question of jurisdiction is a matter which can be raised at any time. If the district court lacked jurisdiction to review the Board's action, we also have no jurisdiction since there is nothing to review. *In re K-Mart Corp.*, 232 Kan. 387, 654 P.2d 470 (1982). The right to appeal is statutory and the timely filing of the notice of appeal is jurisdictional. *In re Lakeview Gardens,*

*Inc.*, 227 Kan. 161, 605 P.2d 576 (1980); *Giles v. Russell*, 222 Kan. 629, 567 P.2d 845 (1977). Parties cannot convey jurisdiction on a court by failing to object to its lack of jurisdiction. *Western Light & Telephone Co. v. Toland*, 177 Kan. 194, 277 P.2d 584 (1954).

"The filing of an untimely appeal is fatal save for a narrow range of exceptional circumstances. *Legg v. Topeka Halfway House, Inc.*, 7 Kan. App. 2d 669, 646 P.2d 1155, *rev. denied* 231 Kan. 800 (1982)." *Butler v. U.S.D. No. 440*, 244 Kan. at 459-60.

In *Atkinson*, the court said: "The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely." 235 Kan. at 797. In *Legg v. Topeka Halfway House, Inc.*, 7 Kan. App. 2d 669, 670, 646 P.2d 1155, *rev. denied* 231 Kan. 800 (1982), we said: "Kansas courts have only such appellate jurisdiction as is conferred by statute and, in the absence of compliance with the statutory rules, the appeal should generally be dismissed. [Citation omitted.] For example, an untimely filing of notice of appeal is fatal."

The plaintiff failed to file and serve on the school board a notice of appeal within 30 days of receiving notice of the termination. The result is that the appeal was untimely and the trial court lacked jurisdiction to proceed. We affirm the trial court's decision that the appeal was untimely and that it lacked jurisdiction.

The next issue is whether the plaintiff's failure to timely appeal the defendant's termination of her contract was fatal to the maintenance of an independent action for breach of contract and tort. We hold that, under the established law of this state, it was.

The plaintiff argues that her appeal from the school board's termination of her contract is basically irrelevant to the maintenance of an independent action for breach of contract and tort. Under the plaintiff's view, the fact that her appeal was untimely does not bar her from maintaining her independent, original action for damages. The trial court did not agree and concluded, "The plaintiff having not followed the statutory procedure for appeal from the board order of December 3, 1992, this court is without jurisdiction to hear this independent action collaterally attacking the board's order."

The trial court was correct. In cases where the exclusive remedy available is a statutorily provided appeal, a collateral attack on the offending decision is not permitted. In *Schulze v. Board of Education*, 221 Kan. 351, 559 P.2d 367 (1977), the school board, after a hearing, issued a letter of reprimand and placed it in the plaintiff's personnel file. The plaintiff did not appeal from the board's action but, instead, filed an original action seeking an injunction, damages, and other relief. In affirming a grant of summary judgment in favor of the board, the Supreme Court held:

"Since defendant had jurisdiction to hold the hearing and it was quasi-judicial in nature, plaintiff's action for injunction is precluded by K.S.A. 60-2101 (*a*). Under this statute the judgment or final order of a tribunal, board or officer exercising judicial or quasi-judicial functions must be appealed to the district court for review. *Failure to comply with the statute prohibits a collateral attack by an independent action.*" (Emphasis added.) 221 Kan. at 355.

In Syl. ¶ 6 of its decision, the court said: "When a school board exercises a quasi-judicial function and a party is aggrieved by its order, the remedy is by appeal pursuant to K.S.A. 60-2101 (*a*) [Corrick] (now K.S.A. 60-2101 [*d*] [*Weeks*]), which remedy is exclusive." See *Thompson v. Amis*, 208 Kan. 658, 663, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972).

There is no doubt that, in conducting the due process hearing and in terminating the plaintiff's employment agreement, the school board was acting in a quasi-judicial capacity and was exercising quasi-judicial powers. See *Thompson v. Amis*, 208 Kan. at 662-63; *Gawith v. Gage's Plumbing & Heating Co., Inc.*, 206 Kan. 169, 476 P.2d 966 (1970).

Since the school board's action was quasi-judicial, the plaintiff's exclusive remedy was an appeal under 60-2101(d). The plaintiff failed to perfect her appeal in the manner required by statute, and the trial court was without jurisdiction to consider a collateral attack on the school board's decision by an independent or original action.

We note in closing that the parties have discussed the possible application of K.S.A. 12-105b(d) to the facts of this action. Our decision renders that issue moot, and we do not reach it.

Affirmed.