(878 P.2d 223)
No. 70,907

CARLTON ALLEN, *Appellant*, v. BOARD OF EDUCATION OF UNIFIED SCHOOL DISTRICT NO. 436, *Appellee.*

Opinion filed July 22, 1994.

*W. J. Fitzpatrick*, of Independence, for the appellant.

*John R. Horst*, of Caney, for the appellee.

Before BRAZIL, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: Carlton Allen appeals from the district's court dismissal of his appeal from a school board's decision not to renew his contract.

Allen was principal of Caney Valley High School, U.S.D. No. 436, for 14 years and was a tenured administrator.

On February 8, 1993, the Board of Education of U.S.D. No. 436 (school board or board) voted not to renew Allen's contract for the 1993-94 school year. Allen requested a meeting with the board pursuant to K.S.A. 72-5453. On March 1, 10, and 12, 1993, the school board held special meetings in executive session to provide reasons for nonrenewal and allow Allen the opportunity to respond. Both parties were permitted to present evidence. Neither party had the right to have counsel present during the meetings, although at one point the board met with its attorney to address legal issues raised by Allen's attorney. The board refused to record the proceedings. After reconsidering its decision, the board adopted a resolution not to renew Allen's contract.

Allen appealed to the district court pursuant to K.S.A. 1993 Supp. 60-2101(d). The district court found the school board was not exercising a "judicial or quasi-judicial" function and dismissed the appeal. The court later denied Allen's motion for reconsideration.

Allen appealed to this court, particularly citing this court's recent decision in *Francis v. U.S.D. No. 457*, 19 Kan. App. 2d 476, 871 P.2d 1297 (1994).

Allen argues the district court erred in dismissing his appeal. He claims he had a right to appeal under K.S.A. 1993 Supp. 60-2101(d) because the school board was acting in a quasi-judicial capacity. Allen points out that, while the Kansas Administrators' Act (Administrators' Act), K.S.A. 72-5451 *et seq.*, is silent concerning appeal, nothing in the Act precludes appeal. He argues the board's function is the same under the Kansas Teachers' Due Process Procedure Act (Teachers' Act), K.S.A. 72-5436 *et seq.*, which specifically authorizes appeal.

The school board distinguishes between the rights conferred in the Teachers' Act and Administrators' Act. The board argues the legislature intended to grant more procedural protection to teachers than administrators. The board contends the decision to hire, fire, or nonrenew a school employee is not a function of the court, but a decision made in the employee-employer context. Unlike the Teachers' Act, the board argues the Administrators' Act does not contemplate a factfinding hearing. The board asserts it did not engage in a factfinding function prior to taking final action; therefore, it did not act in a quasi-judicial manner.

The Administrators' Act requires a school board to give written notice of nonrenewal to a tenured administrator. K.S.A. 72-5452; K.S.A. 72-5455. The administrator may request a "meeting" with the board pursuant to K.S.A. 72-5453(a), at which the board is to specify the reasons for nonrenewal and the administrator is afforded an opportunity to respond. K.S.A. 72-5453(b). The meeting is to be held in executive session, and neither party has the right to have counsel present. K.S.A. 72-5453(b). Following the meeting, the board is to reconsider its decision and make a final decision. K.S.A. 72-5453(b). The Administrators' Act has been held to adequately protect administrators' property interests. Because the board is required to state its reasons for nonrenewal, the administrator is protected from unlawful or arbitrary action. *Kosik v. Cloud County Community College*, 250 Kan. 507, 514-15, 827 P.2d 59, *cert. denied* ____ U.S. ____, 121 L. Ed. 2d 138 (1992).

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely." *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 797, 684 P.2d 424 (1984).

Allen asserts he had a right to appeal to the district court under K.S.A. 1993 Supp. 60-2101(d). K.S.A. 1993 Supp. 60-2101(d) provides: "A judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, *exercising judicial or quasi-judicial functions* may be reversed, vacated or modified by the district court on appeal." (Emphasis added.) The primary question, therefore, is whether a school board exercises a quasi-judicial function when deciding whether to renew an administrator's contract.

Interpretation of statutes is a question of law. When determining a question of law, this court is not bound by the decision of the district court. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

The trial court determined the school board did not perform a quasi-judicial function. It found the decision whether to renew an administrators' contract had not historically been a court function. Given the differences between the Teachers' Act and the Administrators' Act, the court determined the legislature did not intend to give administrators the right to appeal. In reviewing prior decisions in which the appellate courts have determined a school board's function is quasi-judicial, the court noted full evidentiary hearings were held before the board with counsel present. See *Schulze v. Board of Education*, 221 Kan. 351, 352-354, 559 P.2d 367 (1977); *Thompson v. Amis*, 208 Kan. 658, 662-63, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972).

" '[Q]uasi-judicial is a term applied to administrative boards or officers empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature.' " *Schulze*, 221 Kan. at 354 (quoting *Amis*, 208 Kan. at 663). The test in determining whether a function is quasi-judicial is whether the function is comparable to one a court is accustomed to performing. While legislation looks to the future and changes existing conditions by making a new rule to be applied thereafter, a judicial inquiry investigates, declares, and

enforces liabilities as they stand on present or past facts and under existing laws. 221 Kan. at 354.

In *Francis*, 19 Kan. App. 2d 476, the school board notified the principal of its intent to terminate her after she had been charged with shoplifting. A due process hearing was held, and the board terminated her employment. She appealed to the district court but failed to file a notice of appeal with the school board within 30 days as required by K.S.A. 1993 Supp. 60-2101(d). This court upheld the district court's dismissal of the action for lack of jurisdiction.

In deciding whether the principal could maintain an independent action for breach of contract and tort, the *Francis* court stated: "There is no doubt that, in conducting the hearing and in terminating the plaintiff's employment agreement, the school board was acting in a quasi-judicial capacity and was exercising quasi-judicial powers." 19 Kan. App. 2d at 481. Because the board's function was quasi-judicial, the court held the principal's exclusive remedy was an appeal under K.S.A. 1993 Supp. 60-2101(d). 19 Kan. App. 2d at 481. We do note, however, that *Francis* involved a termination and not a nonrenewal.

In this case, the board informed Allen of its intent not to renew his contract. Upon Allen's request, the board held a meeting to provide reasons for nonrenewal and give him the opportunity to respond. After reconsidering, the board voted for nonrenewal. In determining whether to renew Allen's contract, the board was required to investigate facts, weigh evidence, draw conclusions as a basis for its actions, and exercise judicial discretion. *Francis* is distinguishable because it involved termination of employment rather than nonrenewal of a contract. Nevertheless, in both cases, the board conducted the hearing, and its function was the same—to weigh evidence and draw conclusions as a basis for its decision. Because the board's function was quasi-judicial, Allen has a right to appeal the board's decision under K.S.A. 1993 Supp. 60-2101(d).

*Kosik*, 250 Kan. 507, is particularly instructive on this issue and perhaps more so than *Francis*. In *Kosik*, the board of trustees voted for nonrenewal of an administrator's contract. Although *Kosik* involved a community college administrator, a position to which the Administrators' Act did not apply, the court noted the

college's procedure in nonrenewing administrators' contracts was modeled after the Administrators' Act. 250 Kan. at 513-14. In *Kosik,* the procedure set forth in the Administrators' Act was followed, with the board conducting the hearing, providing reasons for nonrenewal, and giving the administrator the opportunity to respond. Neither party had the right to counsel. 250 Kan. at 509-10. The right to appeal from the board's decision was not questioned. Since that issue was jurisdictional, it is significant that there was no dispute on it by the parties or comment by the court.

We note there are procedural differences between the Administrators' Act and the Teachers' Act. In contrast to the procedure set forth for nonrenewal of an administrator's contract, described above, the earlier-enacted Teachers' Act provides a comprehensive due process hearing for tenured teachers. K.S.A. 72-5436 *et seq.* The board is required to give the teacher written notice of the proposed nonrenewal or termination, with a statement of the reasons. K.S.A. 72-5438(a). If the teacher requests a hearing, the board and teacher select a hearing officer. K.S.A. 72-5438. The teacher is entitled to an orderly hearing with the right to counsel, the right to present and cross-examine witnesses, the right to testify, and the right to a fair and impartial decision based on substantial evidence. K.S.A. 72-5439. Testimony of the hearing is to be recorded. K.S.A. 72-5440(c). The decision of the hearing officer is final, subject to the right to appeal pursuant to K.S.A. 1993 Supp. 60-2101(d). K.S.A. 72-5443.

Clearly, the legislature provided greater procedural protection to teachers. Nevertheless, the legislature afforded administrators protection from arbitrary or unlawful action. The board is required to provide the administrator reasons for nonrenewal and an opportunity for the administrator to respond. The board is then required to reconsider its decision not to renew the contract. Despite greater procedural protection afforded teachers, the board is required to engage in a quasi-judicial function when determining whether the facts justify nonrenewal of an administrator. Administrators, therefore, have a right to appeal under K.S.A. 1993 Supp. 60-2101(d).

In support of its decision, the trial court cited *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978), *overruled on other*

grounds *Umbehr v. Board of Wabaunsee County Comm'rs*, 252 Kan. 30, 843 P.2d 176 (1992). *Brinson* addressed the district court's scope of review of the administrative decision. The court did not hold the teacher had no right to appeal.

In addition, the trial court distinguished the Teachers' Act from the Administrators' Act because the Teachers' Act allows termination or nonrenewal only if good cause is shown. This requirement is not specifically stated in the Teachers' Act, although the Supreme Court has held that, based on the purpose of the due process hearing, the Teachers' Act inherently requires good cause to terminate or nonrenew the contract of a tenured teacher. *Gillett v. U.S.D. No. 276*, 227 Kan. 71, 77-78, 605 P.2d 105 (1980).

The Kansas Supreme Court has not specifically addressed whether the good cause requirement applies to the Administrators' Act. In *Kosik*, the court implied the good cause requirement would also apply to the Administrators' Act. See 250 Kan. at 514-15, 519. However, the personnel policies manual in *Kosik* specifically required good cause for nonrenewal. Federal district courts have split on this question. See *Burk v. Unified School Dist. No. 329, Wabaunsee Cty.*, 646 F. Supp. 1557, 1562 (D. Kan. 1986) (same good cause requirement implied in Teachers' Act should be implied in Administrators' Act). But see *Pierce v. Engle*, 726 F. Supp. 1231, 1236-37 (D. Kan. 1989) (due to greater procedural protection afforded teachers by the legislature and policy-making function of administrators, good cause requirement should not be implied in Administrators' Act).

We have a veritable cornucopia of judicial possibilities to choose from. Although, for the above-cited reasons, the issue is not clear, we reverse the trial court's finding that Allen had no right to appeal under K.S.A. 1993 Supp. 60-2101(d) and remand for further proceedings.

Reversed and remanded.