Carlton ALLEN, Plaintiff–Appellant,

v.

BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT 436; Jackie Freisberg; Joye Nunneley; Tim Rigdon; Rex Barrett; Tim Carson; Harold L. Howard; John Andrew Metsker; Susan Johnson; Nancy Zimmerman; Laura O'Dell; Julie Jensen; Doug Jensen, in their individual and official capacities, Defendants–Appellees.

No. 95–3003.

United States Court of Appeals, Tenth Circuit.

Oct. 17, 1995.

W.J. Fitzpatrick of Fitzpatrick & Bass, Independence, Kansas, for Plaintiff–Appellant.

Kenneth J. Reilly of Shook, Hardy & Bacon, Kansas City, Missouri, for Defendants–Appellees.

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiff Carlton Allen appeals from an order of the district court dismissing his complaint for lack of jurisdiction. We reverse.[1]

Mr. Allen had been employed by the defendant Board of Education as a school principal for fourteen years. After being notified that the Board had decided not to renew his contract for the 1993–94 school year, Mr. Allen requested a hearing. After the hearing, the Board reaffirmed its decision and Mr. Allen appealed to the state district court. The court dismissed the appeal holding Mr. Allen could not appeal an administrative decision. Mr. Allen then appealed to the Kansas Court of Appeals which reversed holding that because the Board had been acting in a quasi-judicial capacity when conducting the hearing, Mr. Allen could appeal. *See Allen v. Board of Educ. of Unified Sch. Dist. No. 436,* 19 Kan.App.2d 873, 878 P.2d 223 (1994). Mr. Allen's appeal of the Board's decision is currently pending in state court.

Mr. Allen also commenced a separate original action in state court in which he raised both state and federal claims.[2] Mr. Allen sought actual and punitive damages against all defendants plus attorney's fees, interest, and costs. Defendants removed the action to federal district court.

The district court granted defendants' motion to dismiss on the ground that it had no jurisdiction over the action because Mr. Allen's suit was an attempt to collaterally attack the Board's decision, an action prohibited by state law. *See Francis v. Unified Sch. Dist. No. 457,* 19 Kan.App.2d 476, 871 P.2d 1297, 1300–01 (1994) (no collateral action is permitted if statute provides exclusive appellate remedy).

We do not agree that this case is governed by state law. Mr. Allen raised issues of federal law which are now, following removal, presented in federal court. Therefore, because Mr. Allen has two cases proceeding in two different courts, the court should consider whether abstention is appropriate. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct.

---

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The federal claims were brought under 42 U.S.C. §§ 1983, 1985 and 29 U.S.C. § 623(a)(1).

1236, 1243, 47 L.Ed.2d 483 (1976) (under abstention doctrine, district court may decline to exercise or decide to postpone the exercise of its jurisdiction in light of parallel state proceedings).

█ We must remand this case for the district court to make this determination. "We decline to determine in the first instance whether deference to the state court proceedings is warranted, for to do so would overstep the bounds of our review for abuse of discretion and enter the realm of de novo review." *Fox v. Maulding,* 16 F.3d 1079, 1082 (10th Cir.1994).

█ Before reaching the abstention issue, the district court must determine "whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 1081 (citations and quotation omitted). The court should "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings," *id.,* resolving any doubt "in favor of exercising federal jurisdiction," *id.* at 1082.

█ If the district court determines the cases are not parallel, it should proceed. If the cases are parallel, the court must decide whether to abstain. Abstention is appropriate where (1) "a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law[;]" (2) "difficult questions of state law" are present which impact "policy problems of substantial public import whose importance transcends the result in the case then at bar[;]" or (3) "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River Water,* 424 U.S. at 814–16, 96 S.Ct. at 1244–45 (quotation and citations omitted). The court should also consider wise judicial administration with regard to conservation of judicial resources and comprehensive disposition of litigation, *id.* at 817,

96 S.Ct. at 1246, and may also look at which court first assumed jurisdiction over the action, the inconvenience of the federal forum, and the desirability of avoiding piecemeal litigation,[3] *id.* at 818, 96 S.Ct. at 1246.

These factors are not to be applied as "a mechanical checklist," but rather are to be carefully balanced "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *see also Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988) (federal courts have "virtually unflagging obligation" to exercise jurisdiction except in extraordinary case where continuing proceeding in state court would clearly serve "important countervailing interest") (quotations omitted); *Colorado River Water,* 424 U.S. at 813, 96 S.Ct. at 1243 (abstention is exception not rule).

█ No one factor is determinative. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817, 96 S.Ct. at 1246 (quotation omitted). Exhaustion of state administrative remedies is not required before bringing a federal action. *See Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 2567, 73 L.Ed.2d 172 (1982); *see also McCarthy v. Madigan,* 503 U.S. 140, 146–49, 112 S.Ct. 1081, 1086–88, 117 L.Ed.2d 291 (1992) (identifying three broad sets of circumstances where exhaustion not required, including when agency lacks authority to adjudicate issue raised or to grant relief requested).

█ We note we would be constrained to hold the district court had abused its discretion if it were to decide to abstain by dismissing this action. A court has no discretion to dismiss rather than to stay an action if the plaintiff has set forth claims for monetary damages that cannot be redressed in state court. *See Deakins,* 484 U.S. at 202, 108

3. We note, however that § 1983 was adopted to provide alternative, supplemental relief to persons who almost always have a state law remedy. *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978). Therefore, "piecemeal litigation and some duplication of judicial effort" is unavoidable to preserve the "access to the federal relief which section 1983 assures," *Signad, Inc. v. City of Sugar Land,* 753 F.2d 1338, 1340 (5th Cir.) (quotation omitted), *cert. denied,* 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).

S.Ct. at 529; *see also Myers v. Garff,* 876 F.2d 79, 81 (10th Cir.1989). Further, this court has expressed a general preference in abstention cases for issuance of a stay rather than dismissal.

> We think the better practice is to stay the federal action pending the outcome of the state proceedings. In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.

*Fox,* 16 F.3d at 1083; *see also Bettencourt v. Board of Registration In Medicine,* 904 F.2d 772, 781 (1st Cir.1990) (expressing preference for staying federal action, in part because statute of limitations might otherwise run on federal claims pending resolution of state action).

We decline to address the issues of immunity raised by defendants as they are premature.

The judgment of the United States District Court for the District of Kansas is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.