Scott HOWARD, as father and next friend of Rachel Howard, a minor, Plaintiff,

v.

CHERRY HILLS CUTTERS, INC., a Colorado corporation, and Carol Wolfe, Defendant.

No. Civ. A. 95–K–2164.

United States District Court, D. Colorado.

Oct. 8, 1997.

**1308**

Scott Howard, William Morris, Hughes, Clikeman & Assoicates, P.C., Denver, CO, for Plaintiff.

Carol Wolfe, John Craver, White & Steele, P.C., Denver, CO, for Defendants.

KANE, Senior District Judge.

Rachel Howard is a young girl with a genetic disorder known as *cri du chat*. Her father initiated this action on her behalf in 1995, seeking an award of damages under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.*, as well as under several state law theories of relief. I dismissed the ADA claim in a written order dated September 6, 1996, concluding Title III of the ADA did not provide for a private cause of action for damages. I did so without prejudice to Howard amending his Complaint to request injunctive, rather than monetary, relief under the Act, which he did.

The matter is now before me on Defendants' renewed motion to dismiss or for summary judgment. Defendants both contend the claim for injunctive relief under the ADA is time-barred and Defendant Wolfe maintains employees like herself cannot be held individually liable under the ADA under either an injunctive or a monetary theory of relief. With respect to Howard's state law claims for emotional distress and assault and battery, Defendants urge me either to de-

cline to exercise supplemental jurisdiction over them or to dismiss them for failure to state a claim. I dismiss the ADA claim as to Defendant Wolfe but deny Defendants' motion in all other respects.

## I. *DISCUSSION.*

### A. *ADA Claim.*

#### 1. *Statute of Limitations Defense.*

▮ Defendants assert Howard's amended ADA claim is time-barred. Defendants' one-paragraph limitations analysis is less than clear. First, Defendants argue the 60–day statute of limitations provision of Colo.Rev.Stat. § 24–34–604 (1997) bars "any action" for discrimination (including, apparently, an enforcement action under Title III of the ADA) "unless charges are filed with the Civil Rights Commission within 60 days after the alleged discrimination." (Mot. Dismiss, p. 5.) Defendants offer no legal authority for the assertion implicit in their argument, namely, that the exhaustion provisions applicable to a state-law public accommodations claim apply to an enforcement action under Title III of the ADA and I find it patently wrong. Exhaustion of state law remedies is not required before bringing a federal claim. *Allen v. Board of Education,* 68 F.3d 401, 403 (10th Cir.1995). Without any argument or authority to support it, the invocation of Colo.Rev.Stat. § 24–34–604 as a bar to Howard's Title III ADA claim is rejected.

▮ Next Defendants invoke § 2000e–5(e)(1)'s 300–day limitations provision applicable to employment discrimination actions brought under Title I of the ADA. 42 U.S.C. § 12117(a). This limitations period has no application in this Title III action whatsoever. As set forth in my September 6 Order, Howard's ability to file the instant Title III enforcement action for injunctive relief is limited solely by the provisions of 42 U.S.C. § 2000a–3, made applicable to such actions under the ADA by 42 U.S.C. § 12188(a)(1). Section 12188(a)(1) provides that the "remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimina-

tion on the basis of disability." Section 2000a–3(a), in turn, is limited by the notification requirement of § 2000a–3(c), which provides, in cases where state or local law also prohibits the discriminatory acts or practices alleged, that individuals provide written notice to the appropriate state or local authorities at least 30 days before filing suit in federal court.

Because Colorado law prohibits discriminatory practices in places of public accommodation, § 2000a–3(c) required Howard to notify state authorities of the act or practices of which he was complaining at least 30 days before filing his Amended Complaint. *See White v. Denny's Inc.*, 918 F.Supp. 1418, 1423 (D.Colo.1996). This, Defendants concede, he did. (Mot. Dismiss at 4.) Because nothing in the arguments of Defendants persuades me more was required, Defendants' Motion to Dismiss or for Summary Judgment on statute of limitations grounds will be denied.

### 2. *Individual Liability of Wolfe.*

Defendant Wolfe argues Title III of the ADA does not provide for individual liability and moves to dismiss Howard's ADA claim against her. I disagree, but find the facts alleged in Howard's Amended Complaint insufficient to satisfy the requirements for individual liability.

■ Title III provides that no person shall be discriminated against on the basis of disability "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182(a). The regulations implementing the statute replace the word "person" in the statute with "private entity," *see* 28 C.F.R. § 36.201(a) (1997), a fact seized upon by Defendants in their motion. Given that the regulations simultaneously define "private entity" as a *"person* or entity other than a public entity," 28 C.F.R. § 36.104 (emphasis added),[1] the change lacks the significance ascribed to it by Defendants.

Nearly every court that has decided the issue has found that individuals can be held responsible for violations of Title III "if they 'own, lease[ ] (or lease[ ] to) or operate[ ]' a place of public accommodation." *See Guckenberger v. Boston Univ.*, 957 F.Supp. 306, 322 (D.Mass.1997) (and cases cited therein). As the *Guckenberger* court noted, this interpretation " 'retains accountability for those in a position to ensure nondiscrimination.' " *Id.* (quoting *Aikins v. St. Helena Hosp.*, 843 F.Supp. 1329, 1335 (N.D.Cal.1994)).

■ The question in this case, then, is whether Howard has alleged sufficient facts to establish that Wolfe "owns, leases or operates" Cherry Hills Cutters for the purposes of individual liability under Title III of the ADA. I find he has not. The only allegation regarding Wolfe in the Amended Complaint is that she was "an employee of Cherry Hills Cutters, Inc., acting in the course and scope of her employment." (Am. Compl. ¶ 4.) In his response brief, Howard also alleges that "the battery upon Rachel was within Carol Wolfe's discretion in carrying out her duties." (Pl.'s Resp. at p. 3.) Neither allegation is sufficient to state a claim for individual liability under Title III of the ADA.

Howard appears to have overlooked that the nature of his ADA claim has changed. It is no longer a damages claim seeking compensation for Wolfe's actions on June 16, 1995, but an enforcement action seeking the modification of the salon's policies regarding the provision of services to disabled individuals like Rachel. Howard can secure no such relief from Wolfe absent proof that Wolfe is in a position of sufficient control and authority to effect the policy modifications requested. Howard has made no such allegations. Accordingly, I will grant Defendants' motion to dismiss Howard's ADA claim against Wolfe individually.

### B. *Howard's State Claims.*

■ Because the ADA claim against Cherry Hills Cutters remains in this case, I deny Defendants' invitation to decline to exercise supplemental jurisdiction over the Howard's state law claims for outrageous conduct and

---

1. In addition, the regulations define both the landlord who owns the building housing a place of public accommodation and the tenant who owns or operates the place of public accommodation to be "public accommodations subject to the [ADA regulations]," 28 C.F.R. § 36.201(b), further supporting the assertion that individuals can, in appropriate cases, be liable under Title III.

assault and battery. I go on to address the merits of these claims as challenged by Defendants in their first Motion to Dismiss or for Summary Judgment.

Defendants contend they are entitled to judgment on Howard's claims for outrageous conduct and assault and battery either both under a Rule 12(b)(6) failure to state a claim standard and a Rule 56 summary judgment standard. I disagree. Based on the record before me, Howard's state law claims survive dismissal under either standard.

The sum total of Defendants' arguments on the viability of Howard's state law claims are that (1) Wolfe's actions do not rise to the level of outrageous conduct and (2) Wolfe's contact with Rachel during the June 1995 haircut was neither harmful nor offensive, or, in the alternative, was made with the implied consent of Rachel's nanny. None of these arguments is amenable to resolution on a motion to dismiss or for summary judgment. In any event, the deposition testimony and other evidence submitted in support of Defendants' motion does not demonstrate a lack of disputed material fact as would permit entry of summary judgment.

Based on the foregoing, IT IS ORDERED that Defendants' Second Motion to Dismiss or for Summary Judgment is GRANTED in part and DENIED in part. The Motion is GRANTED with respect to Plaintiff's individual liability claim against Defendant Carol Wolfe under Title III of the ADA. The ADA claim against Defendant Wolfe is DISMISSED pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Wolfe remains a Defendant in this action with respect to Plaintiff's state law claims for outrageous conduct and assault and battery.

Defendants' Motion is DENIED in all other respects. Defendants shall file their Answer to the Amended Complaint on or before October 15, 1997. IT IS SO ORDERED.