**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM A. JONES,

       Plaintiff-Appellant,

v.

GREAT SOUTHERN LIFE
INSURANCE COMPANY,

       Defendant-Appellee.

No. 99-6428
(D.C. No. CIV-99-1003-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **HOLLOWAY**, Senior Circuit Judge, and
**McWILLIAMS**, Senior Circuit Judge.[**]

Commencing on or about January 27, 1997, William A. Jones ("Jones"), a resident

of Oklahoma, served as a general agent for Great Southern Life Insurance Company

("Great Southern"), a Texas insurance company with its principal place of business in

Dallas County, Texas, selling life insurance policies issued by Great Southern pursuant to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

a general agent's contract and an advance addendum signed by both parties. On June 7, 1999, Great Southern filed suit in a state court in Dallas County, Texas, against Jones and other of its agents, seeking to recover over $1,000,000.00 in commission advances paid under their contract and addendum thereto. One week later, on June 14, 1999, Jones filed a petition against Great Southern in the state district court for Oklahoma County, Oklahoma, asserting several tort claims arising out of their business relationship. More specifically, Jones alleged that Great Southern had been negligent in advising insureds of non-payment of monthly premiums, as required by the contract between the parties, and that, in connection with their contract dispute, certain employees of Great Southern threatened him thereby causing emotional distress and the like. On or about July 9, 1999, Jones filed an answer and an objection to venue and a motion to dismiss for forum non conveniens in the Texas proceeding. In his answer, Jones alleged, as an affirmative defense, that Great Southern had failed to provide timely notice of cancellation to insureds whose policies had lapsed and that it had utilized "wrongful acts" to collect payment of monies allegedly due it by Jones. The motion to dismiss based on forum non conveniens has not yet been heard.

Back to the Oklahoma proceeding. On July 6, 1999, Great Southern, the defendant in that action, filed a motion to dismiss or abate. In that motion Great Southern asked the Oklahoma state court to dismiss or abate the proceeding before it, "pending resolution of the Dallas Lawsuit." On July 13, 1999, Great Southern filed a notice of removal of the

proceeding from the state district court in Oklahoma County to the United States District Court for the Western District of Oklahoma, based on diversity of citizenship, 28 U.S.C. §1332(a).  On July 20, 1999, Great Southern filed an answer and counterclaim, "without waiver or prejudice" to its pending motion to dismiss or abate.  On July 26, 1999, Jones filed a response to Great Southern's motion to dismiss or abate, and on August 12, 1999, filed an answer to Great Southern's counterclaim.

On August 27, 1999, Great Southern filed a motion for abstention, asking that the federal district court either dismiss Jones' petition, or, alternatively, stay the proceeding until the Texas proceeding was concluded.  Jones filed a response to that motion on September 13, 1999.  On September 20, 1999, the United States District Court for the Western District of Oklahoma granted Great Southern's request for abstention, and stayed further proceedings in the Oklahoma case until "resolution" of the Texas proceeding.[1]  On September 30, 1999, Jones filed a motion for a new trial, and Great Southern filed a response thereto.  October 27, 1999, the district court denied that motion.  Jones filed a notice of appeal on November 24, 1999.

In staying the proceedings in the United States District Court for the Western District of Oklahoma until the Texas proceeding was resolved, the district court recognized all the factors bearing on the question of whether a federal district court

---

[1] By its order, the district court stayed proceedings in the federal district court.  It did not dismiss Jones' petition.  In this connection, see *Allen v. Board of Educ.*, 68 F.3d 401, 403 (10th Cir. 1995).

should stay its proceedings until a parallel state action is first resolved, as such are enumerated in, for example, *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983) and *Fox v. Maulding,* 16 F.3d 1079 (10th Cir. 1994). The court noted that the general rule is that federal jurisdiction should not be surrendered unless there be "exceptional circumstances" and there be "the clearest of justifications" therefor. In his brief in this court, Jones' counsel summarized the district court's order of abstention as follows:

> The order was based on the district court's determinations: that the federal and state actions were "duplicative, not piecemeal;" that the state court could promptly and adequately "resolve the case;" that the factor of "comprehensive disposition of litigation" weighed in favor of staying the action "pending resolution of the parallel proceeding;" and that "judicial economy concerns may justify deferral of a federal suit when pending state litigation will resolve the issues presented in the federal case."

In addition to the foregoing summary of the district court's order, we would add that the court also observed that apparently many of the potential witnesses resided in Texas and that "the bulk of the sales underlying the commission dispute occurred in Texas or states other than Oklahoma." The district court also noted that the advance addendum provided that Texas law should govern.[2]

---

[2] The present case involves no federal question. In *DeCisneros v. Younger*, 871 F.2d 305, 309 (2nd Cir. 1989), the Second Circuit noted that it had previously held that although the absence of a federal issue did not require the surrender of jurisdiction, it did

- 4 -

On appeal, Jones' counsel frames the only issue for review by us as follows:

> Did the district court improperly surrender federal jurisdiction and staying the federal suit to allow the state court to proceed to judgment where the district court specifically did not find the existence of *exceptional circumstances* and *the clearest of justifications,* which this Court and the United States Supreme Court have steadfastly required to justify the surrender of such federal jurisdiction.

Before considering whether the district court acted improperly in granting Great Southern's motion for abstention, we should first consider whether the so-called "Oklahoma proceeding" and the "Texas proceeding" are "parallel." In *Allen v. Board of Education,* 68 F.3d 401, 403 (10th Cir. 1993), we said that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums," citing *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994). In this regard, the district court concluded that "[b]ecause the same parties will be litigating substantially the same issues in different forums, the suits are parallel." We agree. Great Southern's claim in the Texas proceeding is identical to its counterclaim in the Oklahoma proceeding. Jones' claim in the Oklahoma proceeding has not been asserted as a counterclaim in the Texas proceeding. However, we note, as the district court did, that in his answer filed in the Texas proceeding Jones alleged, as an affirmative defense, that Great Southern had failed to give timely notice of cancellation to its insureds and therefore it was not entitled to any

---

favor abstention when the bulk of the litigation concerned state law, citing *General Reinsurance Corp. v. CIBA-GEIGY Corp.,* 853 F.2d 78, 82 (2nd Cir. 1988).

repayment of advance premiums and further that Great Southern was guilty of "wrongful acts" in its efforts to collect payment of monies alleged due it by Jones. Such was the factual basis of Jones' cause of action filed in the Oklahoma state court.

There remains, of course, the issue of whether the district court acted properly in granting Great Southern's motion for abstention. Our standard of review is whether in so doing the district court abused its discretion. In this regard, see *DeCisneros v. Younger,* 871 F.2d 305, 307 (2nd Cir. 1989). In other words, the district court had discretion, and we must determine whether, under the circumstances of the case, the district court abused that discretion. We conclude it did not.

We gather from counsel's framing of the only issue raised by him on appeal that he is of the view that before staying a federal court proceeding until resolution of a parallel state court proceeding, a federal district court must, in so many words, "find the existence of exceptional circumstances and the clearest of justifications" and that the failure of the district court in the present case to so find, *in hæc verba*, so to speak, in and of itself dictates reversal. In any event, we do not agree. The district court at the outset of its stay order stated that its "task is not to find some substantial reason for the exercise of federal jurisdiction, rather the task is to ascertain whether there exist *exceptional circumstances, the clearest of justifications*, that can suffice under *Colorado River* to justify the surrender of the jurisdiction," citing *Rienhardt v. Kelly,* 164 F.3d 1296, 1303 (10th Cir. 1999). The district court then went on to list the reasons why it was going to stay federal proceedings

and allow the state court proceedings to be first resolved, thereby quite obviously concluding that "exceptional circumstances" or "clearest of justifications" were present in the case at hand.

We have held that under *Colorado River* and *Cone*[3] the factors to be considered in determining whether a federal court proceeding should be stayed pending resolution of a parallel state court proceeding do not constitute a "mechanical check list," that "no single factor is dispositive," and that a court should undergo a "careful balancing of the important factors as they apply to a given case," at the same time recognizing that such balancing is "heavily weighted in favor of the exercise of jurisdiction." *Rienhardt v. Kelly,* 164 F.3d 1296 (10th Cir. 1999); *Allen v. Board of Educ.,* 68 F.3d 401 (10th Cir. 1995); *Fox v. Maulding*, 16 F.3d 1079 (10th Cir. 1994).

So, the ultimate question here to be resolved is whether the district court in staying the federal proceeding abused its discretion. We approach that question, as did the district court, recognizing that, under applicable cases, the "balancing test," i.e. considering "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise . . ." is "heavily weighted in favor of the exercise of

---

[3] In *Colorado River*, the district court dismissed the plaintiff's suit. On appeal, we reversed. *United States v. Akin*, 504 F.2d 115 (10th Cir. 1974). On *certiorari,* the Supreme Court reversed us and held that the district court properly dismissed the suit. In *Cone*, the district court stayed the proceeding. On appeal, the Fourth Circuit reversed the district court. *Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp.*, 656 F.2d 933 (4th Cir. 1981). On *certiorari,* the Supreme Court affirmed the Fourth Circuit and held that the district court erred in staying the action.

jurisdiction." *Colorado River*, 424 U.S. at 818-819; *Fox v. Maulding, 16 F.3d* at 1082.

Even though it may be "heavily weighted," that does not mean that a federal district court should *never* stay its case in deference to a parallel state court proceeding. So, the district court still had "discretion" in the matter.

All things considered, we do not believe the district court abused its discretion in staying the proceeding in its court until resolution of the parallel state court proceeding. It took into consideration all of the applicable "factors" that should be considered. In no sense did it act arbitrarily or capriciously.[4] In a review of this sort, an appellate court should be careful that it does not simply substitute its judgment on the matter for that of a district court. In *Finova Capital Corp. v. Ryan Helicopter*, 180 F.3d 896, 900 (7th Cir. 1999), a case which also involved a stay of federal court proceedings in deference to a parallel state court proceeding, the Seventh Circuit, in affirming the district court's stay order, observed that "while we may part company with the district court on these discrete issues, it is not our task simply to substitute our own perspective."

---

[4] "A district court abuses its discretion when it renders 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir. 1999), *citing FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir. 1994).

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge
